IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO: 16-00106-RLW-1 |
| | ) | |
| JAMES BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE**

COMES NOW the Defendant, by and through his attorney, Ethan Skaggs, Assistant Federal Public Defender for the Southern District of Illinois, and for his Supplemental Motion for Compassionate Release states as follows:

**Mr. Bowen's pro se pleadings**.  Mr. Bowen filed multiple pleadings seeking compassionate release.  His initial pleading cites his health as reasons for compassionate release and later pleadings cite the coronavirus pandemic as grounds for compassionate release.  Mr. Bowen is concerned that given his age (he is currently 78), he would not survive if he contracted Covid-19.  ECF 72.

**Mr. Bowen's documented medical conditions.**  Counsel has obtained Mr. Bowen's Bureau of Prisons medical records for the years 2019, 2020, and 2021 (attached as exhibits to this motion from the government).  2019 medical records show an assessment of:

> Anxiety disorder
> Enlarged prostate with lower urinary tract symptoms
> Major depressive disorder
> Polyarthritis

2020 medical records show assessments and treatment for:

Shortness of breath/chest heaviness, which resulted in a transfer to an emergency room[1]
Anxiety disorder
Enlarged prostate with lower urinary tract symptoms
Hyperlipidemia
Hypothyroidism
Low back pain
Major depressive disorder
Disorder of the autonomic nervous system

2021 medical records show Mr. Bowen was released from a hospital on March 3, 2021,

following a cardiac stent placement.  2021 records show assessments for:

Systemic arterial hypertension
Hypothyroidism
Chronic ischemic heart disease
Malignant neoplasm of unspecified part of unspecified bronchus or lung (also noted as probably lung cancer)

In early February of 2021, a bronchoscopy was planned, but cancelled.  BOP medical records

note:

BOP Inmate returned from Regional One was scheduled to have bronchoscopy with endobronchial ultrasound for transbronchial lymph node biopsy; however, procedure was cancelled today given pt just had abnormal stress test done on 1/21/20 (showed inferior/inferolateral ischemia involves 5-10% of Lt ventricular mycocardium). He will need cardiology evaluation before pursue this procedure. We will need to reschedule his appointment. Paperwork given to MD.

It is notable that Mr. Bowen was prescribed Morphine Sulfate in February of 2021.  He is also in

addition to numerous other medications taking Carvedilol.  Carvedilol is used to treat high blood

pressure and heart failure. It is also used after a heart attack to improve the chance of survival if

your heart is not pumping well[2].

Mr. Bowen's records also reflect a diagnosis of hypertension. It is well documented that

hypertension issues are associated with increased risk of COVID-19 infection and worse

---

[1] It should be noted the BOP took Mr. Bowen to an urgent care facility which directed BOP to take Mr. Bowen to an emergency room.
[2] https://www.drugs.com/carvedilol.html

outcomes in lung injury and mortality. See Ernesto L Schiffrin, John M Flack, Sadayoshi Ito, Paul Muntner, & R Clinton Webb, Hypertension and COVID-19, American Journal of Hypertension, Volume 33, Issue 5, May 2020, at 373–374. The Center for Disease Control and Prevention states that pulmonary hypertension increases your risk of severe illness from COVID-19. See, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (Accessed 10-1-2020).

Mr. Bowen's age is an increased risk factor for severe illness or death from Covid-19[3]. Mr. Bowen is also vulnerable to the virus because he is male; for unknown reasons, across the United States, Covid-19 kills more men than women[4]. Mr. Bowen is vulnerable simply because he is incarcerated. "[I]ndividuals housed within our prison systems remain particularly vulnerable to infection[5]

Mr. Bowen's home plan is to live with relatives in the Chicago area.  Mr. Bowen reports that he has extended family in that area that will assist him.  Mr. Bowen reports he will be able to draw social security if released so he will have a source of income.

Mr. Bowen's age, 78, is a factor to consider in deciding his risk to public safety. The Sentencing Commission has observed that "recidivism rates decline relatively consistently as age increases.[6]"  This and other studies found that past fifty years old, there is a significantly lower rate of recidivism. Observers of sentencing practices have long acknowledged that "elderly offenders pose so low a risk to the public that long or otherwise harsh sentences have little to no utilitarian benefit.[7]"  Records provided to counsel did not appear to show and violations or

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html
[4] Chris Mooney et al, *All across the United States, the coronavirus is killing more men than women, data show*, Washington Post (April 4, 2020)
[5] *United States v. Muniz*, No. 4:09-CR-199, Dkt. # 578 (S.D. Tex. March 30, 2020).
[6] United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 (2004)
[7] Dawn Miller, Sentencing Elderly Criminal Offenders, 7 Nat'l Acad. Elder L. Att'ys. J. 221, 232 (2011).

disciplinary history.  The records also show Mr. Bowen has taken numerous education courses while in the BOP.  (See attached course list)

Given Mr. Bowen's age, health conditions, and the fact that following any term of release he would be under federal supervision, he is not a danger to the safety of any other person or to the community.

This Court has the authority to grant Mr. Bowen relief based upon extraordinary and compelling reasons.  18 U.S.C. § 3582(c)(1)(A)(i) gives this Court the authority to grant Mr. Bowen a sentence reduction.  That statutory section authorizes a district court to modify a previously imposed sentence of a defendant under 70 years of age "after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction." Id.  Prior to the passage of the First Step Act of 2018 (Pub. L. 115-391), only the Director of the Bureau of Prisons could file such a motion. 18 U.S.C. §  582(c)(1)(A) (effective November 2, 2002).  However, the First Step Act amended this provision to allow a defendant to file an 18 U.S.C. § 3582(c)(1)(A) motion directly with the district court.  18 U.S.C. § 3582(c)(1)(A) (effective December 21, 2018); Pub. L. 115-391, Section 603(b)(1).  The purpose of the First Step Act section allowing defendants to directly petition courts for sentence modifications is revealed in its title: "Increasing the Use and Transparency of Compassionate Release." Id.  Mr. Bowen is clearly suffering from medical conditions that, in the context of the COVID-19 pandemic, constitute extraordinary and compelling reasons for a reduced sentence.

BY REASON OF THE FOREGOING, Mr. Bowen requests that this Court grant his pro

se motion for a compassionate release by reducing his sentence to time served.

Respectfully submitted,

*/s/ Ethan Skaggs*
ETHAN SKAGGS
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has caused a true and correct copy of the foregoing to be served upon the assigned Assistant United States Attorney, Southern District of Illinois, via electronic filing with the Clerk of the Court using the CM/ECF system on March 11, 2021.

*/s/ Ethan Skaggs*